[Civ. No. 12576. First Dist., Div. Two. May 22, 1944.]

JOSE LUCIENTES, Plaintiff, v. BARTHOLOMAE OIL CORPORATION (a Corporation), Appellant; LLOYD ROOT et al., Interveners and Respondents.

Earl D. Killion for Appellant.

Vincent W. Hallinan, Carey Van Fleet, Emmett R. Burns and James A. Himmel for Respondents.

SPENCE, J.—This action was brought by Jose Lucientes, hereinafter called plaintiff, to obtain an accounting from Bartholomae Oil Corporation, hereinafter called appellant, under the terms of a certain trust agreement dated April 30, 1934. This trust agreement covered ten per cent of the net profits of a certain mining venture of appellant for a period of ten years commencing on January 1, 1935. During the pendency of said action and on October 4, 1938, plaintiff and appellant entered into a written agreement settling all claims and demands of plaintiff against appellant for the sum of $1,000, and providing for the dismissal of this action. Said sum was paid by appellant and accepted by plaintiff and the validity of said agreement, as between the parties thereto, has never been questioned. On December 8, 1938, and prior to any dismissal of said action, Lloyd Root and William Dalziel, hereinafter called respondents, were granted leave to file a complaint in intervention in said action upon their claim that they had an interest in said trust agreement dated April 30, 1934; that the action had been brought by plaintiff on behalf of himself and as a representative of respondents; and that after the filing of said complaint, plaintiff had taken a position hostile to said respondents. Despite these claims of hostility between plaintiff and respondents, the same counsel who acted for plaintiff in filing his complaint also acted for respondents in filing their complaint in intervention and the record discloses that the same counsel continued to act for both plaintiff and respondents throughout the trial. The complaint in intervention contained substantially the same allegations as did the complaint and also certain additional allegations which will be hereinafter discussed. Appellant's answer denied many of the allegations of said complaint in intervention and also set up numerous affirmative defenses. A trial was had, followed by an accounting, and judgment was finally entered on January 2, 1943.

In said judgment, it was decreed that plaintiff should recover nothing against appellant; that respondents should recover nothing against plaintiff; that no profits had been realized from said mining venture but on the contrary, appellant had suffered a net loss of $116,054.61 during the period covered by the accounting and that therefore respondents were not entitled to judgment for any alleged profits.

No appeal was taken by any party from the above mentioned portions of the judgment.

It was further decreed, however, "That the plaintiff in intervention, Lloyd Root, is the owner of, and entitled to receive, an undivided forty percent of ten percent, and the plaintiff in intervention, William Dalziel, is entitled to receive an undivided twenty percent of ten percent of the net profits realized by the defendant Bartholomae Oil Corporation in the operation of said mining properties mentioned and contained in the said two contracts of March 7, 1934, and which are mentioned and referred to in said agreement of April 30, 1934, being Exhibit 'A' in the complaint in intervention, subject, however, to all of the terms and conditions of said two contracts of March 7, 1934, for the period of ten years from the 1st day of January, 1935."

This appeal was taken by appellant solely from that portion of the judgment which is quoted in the preceding paragraph.

There is no dispute concerning the making of the agreements to which reference is made in the above quoted portion of the judgment. Plaintiff, with the assistance of respondents, was instrumental in bringing together the parties and in assisting to procure the execution of the two agreements dated March 7, 1934. One of said agreements of March 7, 1934, was entered into by Martin Corliss and other persons, who were owners of certain mining claims in Alaska, with William A. Bartholomae, Jr. The other of said agreements of March 7, 1934, was entered into by James Frawley, who was likewise the owner of certain mining claims in Alaska, with said William A. Bartholomae, Jr. Said agreements provided for the sale of said mining claims to William A. Bartholomae, Jr. Plaintiff, respondents and William A. Bartholomae, Jr. were residents of California and said agreements were negotiated in this state and were executed in the city and county of San Francisco. Thereafter William A. Bartholomae, Jr., assigned said agreements to Bartholomae Oil Corporation, the appellant herein.

In the following month under date of April 30, 1934, the trust agreement referred to in the quoted portion of the judgment was executed in the city and county of San Francisco by appellant Bartholomae Oil Corporation, as trustor, and Joseph Bien, as trustee, and plaintiff Jose Lucientes and his

wife, as beneficiaries. Respondents were not parties to said agreement nor were they mentioned therein. After reciting the execution of the two agreements of March 7, 1934 and that "in consideration of services rendered by Jose Lucientes in and about the making and obtaining of said contracts, the party of the first part (appellant) is desirous of compensating the said Jose Lucientes to the extent and in the manner hereinafter set forth", it provided for the transfer in trust to the trustee of "Ten per cent of the net profits realized by the party of the first part in the operation of the properties contained in the two contracts above referred to made by the said William A. Bartholomae, Jr. and assigned to the party of the first part, all subject, however, to the terms and conditions of the said two contracts, to continue for a period of ten years from the 1st day of January 1935." The terms of the trust provided for the payment of the sums received by the trustee to plaintiff and, under certain conditions, to plaintiff's wife. There were also certain terms giving the trust the nature of a so-called spendthrift trust by prohibiting the transfer or assignment by plaintiff of any interest in the trust.

Respondents knew of the terms of said trust agreement shortly after the execution thereof but nevertheless made no objection thereto until after appellant had made the settlement with plaintiff on October 4, 1938. On the contrary, respondents had previously accepted from plaintiff purported "assignments" of interests in plaintiff's claim against appellant. The purported "assignment" from plaintiff to respondent Dalziel was executed on June 12, 1934, and made specific reference to the trust agreement of April 30, 1934. The instrument was in the nature of an order for the trustee to pay a portion "of said ten per cent" to respondent Dalziel. The purported "assignment" from plaintiff to respondent Root was dated May 11, 1937. It did not make specific reference to the trust agreement but was in the form of an agreement that "any and all claims which said Jose Lucientes may have against the Bartholomae Oil Corporation" in connection with said mining claims "shall be litigated solely and alone by said Jose Lucientes and said Jose Lucientes hereby assigns to Lloyd Root one-half of any sum which he may recover, attorneys fees and costs of suit having been first deducted." The trial court found that these instruments

dated June 12, 1934 and May 11, 1937, had been executed by plaintiff and that pursuant thereto plaintiffs in intervention were the owners of and were entitled respectively to twenty per cent and forty per cent of the ten per cent of the net profits to be paid to plaintiff under the trust agreement of April 30, 1934.

Appellant makes numerous contentions on this appeal including the contentions that the complaint in intervention did not state facts sufficient to constitute a cause of action against appellant; that the evidence was insufficient to support the findings; that the findings were insufficient to support the judgment; that respondents' cause of action, if any, was barred by the statute of limitations; that the trial court failed to make findings on certain material issues including the statute of limitations; that the settlement made by plaintiff and appellant discharged all claims and demands of respondents against appellant; and that in any event, no recovery could be had by plaintiff or respondents for the services performed by them without pleading and proving that they were licensed under the California Real Estate Act. (Stats. 1919, p. 1252; Deering's Gen. Laws 1937, Act 112). We deem it unnecessary to discuss each of said contentions separately as we are satisfied that the judgment must be reversed for the reasons hereinafter stated.

It is difficult to ascertain the theory upon which respondents' complaint in intervention was drawn or the theory upon which the trial court entered the challenged portion of the judgment. As above stated, respondents' complaint in intervention contained practically all the allegations of plaintiffs' complaint in seeking an accounting under the terms of the trust agreement of April 30, 1934. But respondents were not entitled to recover under the terms of said trust agreement as they were neither parties to said agreement nor mentioned therein and the terms of said trust agreement expressly prohibited any assignment by plaintiff. Furthermore, the rights of plaintiff and appellant, who were the only parties to said trust agreement, had been fully settled by the settlement agreement of October 4, 1938. Apparently realizing that their complaint in intervention could not stand solely upon the terms of the trust agreement and of the purported assignments thereof, respondents made certain general alle-

gations of fraud on the part of plaintiff and appellant in connection with the execution of the trust agreement and the execution of the settlement agreement. While the trial court found these allegations were true, respondents have not directed our attention to any evidence supporting these allegations and we have found none. We therefore find no support for the challenged portion of the judgment either under the terms of the written instruments or independently of said terms.

In any event, we are of the opinion that the judgment must be reversed for the further reason that no recovery could be had for any services performed by plaintiff or respondents in the absence of pleading and proof that they were licensed under the California Real Estate Act (Stats. 1919, p. 1252; Deering's Gen. Laws, 1937, Act 112, §§ 2, 20). The two agreements of March 7, 1934, were negotiated and executed in California and the trust agreement of April 30, 1934 was likewise executed in California. The consideration for the trust agreement was expressly recited to be the "services rendered by Jose Lucientes in and about the making and obtaining of said contracts," the contracts referred to being the agreements for the sale of the mining claims. It is apparently conceded that neither plaintiff nor respondents had been licensed under the above mentioned act.

Respondents claim, however, that plaintiff and respondents were interested in a prior option which they transferred to William A. Bartholomae, Jr., and that it was therefore unnecessary for them to be licensed under the act in order to recover for the services performed. They alleged in their complaint in intervention "that on or about the 7th day of March, 1934, the plaintiff Jose Lucientes sold, transferred and set over, for a valuable consideration to William A. Bartholomae, Jr. all his right, title, and interest and all of the right, title and interest of plaintiffs in intervention, in and to a lease and option of certain mining properties" and that the trust agreement of April 30, 1934, was executed by appellant "in order to protect the said plaintiff Jose Lucientes in his interest in said properties and to compensate him therefor." The trial court found said allegations to be true but here again respondents have pointed to no evidence to sustain said findings and we have found none. It does not appear that plaintiff or respondents ever transferred anything to appellant or that they ever purported to do anything

or to seek compensation for anything other than the services rendered in bringing the parties together and assisting in the negotiations for the sale from the owners of the mining claims to William A. Bartholomae, Jr., as evidenced by the two agreements of March 7, 1934. This seems to be conceded by respondents in one portion of their brief where, in endeavoring to explain the "theory of this case," they say "The facts upon which this case is based are very simple. The original plaintiff, Jose Lucientes, was instrumental in bringing together these certain parties interested in this mining venture in Alaska. In order to accomplish and consummate this deal it was necessary that the said Jose Lucientes have the assistance and aid of respondents. . . ." Our search of the record discloses no evidence to show that the consideration for the trust agreement was or was ever intended to be anything other than the services performed as recited in said trust agreement.

The portion of the judgment from which this appeal was taken is reversed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing was denied June 21, 1944, and respondents' petition for a hearing by the Supreme Court was denied July 20, 1944.